UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROSCOE RICO MARTIN,

       Petitioner,

                              CASE NO. 1:15-CV-594

v.

                              HON. ROBERT J. JONKER

THOMAS MACKIE,

       Respondent.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 2) and Petitioner's Objections to the Magistrate Judge's Report and Recommendation (docket # 3). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. The Court finds the Magistrate Judge's Report and Recommendation (docket # 2) is factually sound and legally correct.

The Magistrate Judge recommends denying Petitioner's habeas petition as barred by the one-year statute of limitations. In his Objections, Petitioner primarily reiterates and expands arguments raised in his original Petition. Petitioner also for the first time asserts that equitable tolling should apply in his case. A party seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 and n. 8 (2005)). Petitioner says that his lack of understanding of the law caused his failure to file a timely habeas petition. Ignorance of the law does not support equitable tolling. *See*, *e.g., United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999); *Brown v. United States*, 2001 WL 1136000, *3 (6th Cir. Sept. 21, 2001); and *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998). The Magistrate Judge properly found that equitable tolling does not apply in this case.

Petitioner also asserts that he is actually innocent and contends that he was convicted because his counsel failed to provide effective representation. This is not enough to excuse the procedural bar of the statute of limitations. To support a claim of actual innocence in this context, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004. Petitioner has not met this demanding standard. Petitioner's habeas petition is untimely and must be denied, for precisely the reasons the Magistrate Judge describes.

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901–02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court does not believe that reasonable jurists would find the Court's assessment of the claim Petitioner raised debatable or wrong.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 2) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DENIED** as barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that Petitioner's request for a certificate of appealability is **DENIED**.

Dated:      July 24, 2015                  /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                                   CHIEF UNITED STATES DISTRICT JUDGE